IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION



HEATHER HACKWORTH, CYNTHIA SHAUGHNESSY,
VICTORIA BARKER, DOTTIE HOLSINGER,
WILLIAM RYMAN, MONTY KEYSER and
LISA LAYMAN, on Behalf of Themselves
and the class of Persons Similarly Situated,

Plaintiffs,

v.

CIVIL ACTION NO. 3:04-1271

TELSPECTRUM WORLDWIDE, INC.,
et al.

Defendants.

## FINAL ORDER OF JUDGMENT

WHEREAS, certain parties to this action, Plaintiffs HEATHER HACKWORTH, CYNTHIA SHAUGHNESSY, VICTORIA BARKER, DOTTIE HOLSINGER, WILLIAM RYMAN, MONTY KEYSER, EVANGELINE HINKLE and LISA LAYMAN (the "Named Plaintiffs") and Defendants TELESPECTRUM, INC. and THE RESOURCE GROUP INTERNATIONAL, LTD. (collectively, the "Settling Defendants") have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle this action as to the claims against the Settling Defendants upon the terms and conditions set forth in the Stipulation and Settlement Agreement of Class Action Claims (the "Settlement Agreement"), which has been filed with the Court as an attachment to the Plaintiffs' Motion for An Order (1) Preliminarily Approving a Partial Settlement, (2) Approving the Parties' Proposed Form and

Method of Providing Notice, (3) Modifying the Class Definition, and (4) Setting this Matter for a Fairness Hearing (the "Motion") [Docket No. 107]; and

WHEREAS, the Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23, for an Order finally approving the Settlement Agreement [Docket No. 113], which sets forth the terms and conditions for a proposed settlement of the Action and for partial dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the Court preliminarily approved the Settlement Agreement by an Order Preliminarily Approving Class Action Settlement and Providing for Notice ("Preliminary Approval Order") dated April 25, 2006 [Docket No. 109], and Notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement; and

WHEREAS, the Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and the Settling Defendants, and supporting declarations. The Court also notes that no written comments or objections were filed with the Clerk of the Court by absent class members, and that no potential class members chose to opt-out of the settlement. The Court held a hearing on July 10, 2006, at which time the parties were heard in support of the proposed settlement. No other interested persons were present or requested to speak in opposition to the proposed settlement; and

WHEREAS, based on the papers filed with the Court and the presentations made to the Court by the parties and by other interested persons at the hearing, it appears to the Court that the settlement set forth in the Settlement Agreement is fair, adequate, and reasonable. Accordingly,

2

**IT IS HEREBY ORDERED THAT:**

1. For purposes of this settlement only, the Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the parties and the members of the Settlement Class described below.

2. Pursuant to the Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court confirms its prior certification of the following Settlement Class for purposes of settlement only: All persons employed at the call center located on 3rd Avenue, Huntington, West Virginia, as of October 29, 2004, except those who experienced employment loss due to discharge for cause, voluntary departure or retirement.[1]

3. The Court confirms the appointments of the Class Representatives and Class Counsel with respect to the Settlement Class, as follows: Named Plaintiffs HEATHER HACKWORTH, CYNTHIA SHAUGHNESSY, VICTORIA BARKER, DOTTIE HOLSINGER, WILLIAM RYMAN, MONTY KEYSER, EVANGELINE HINKLE and LISA LAYMAN are appointed class representatives, and Brian A. Glasser, Esq., H.F. Salsbery, Esq., John Barrett, Esq., and Leah Macia, Esq., of Bailey & Glasser, LLP are appointed Class Counsel.

4. With respect to the Settlement Class, this Court confirms its previous preliminary findings in the Preliminary Approval Order that, for settlement purposes only, (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Named Plaintiffs (the "Class Representatives"), identified in paragraph 3 above, are typical of the claims of their

---

[1] In an agreed order entered on March 14, 2006, the class was defined as "all persons employed at the call center located at 3rd Avenue, Huntington, West Virginia after September 21, 2004, except those who experienced employment loss due to discharge for cause, voluntary departure or retirement." The parties previously sought to amend the class definition. The amendment, approved by the Court in its April 25, 2006 Order preliminarily approving the settlement, defined the class as "all persons employed . . . as of October 29, 2004." The plaintiffs reasoned that the call center employees were not actually terminated in violation of the WARN Act's notice provisions until October 29, 2004. Therefore, the plaintiffs' WARN Act claims only accrued for those persons employed at the call center on October 29, 2004.

3

respective class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law of fact common to the members of the Settlement Class predominate over the questions affecting only individual members; and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. In the event the Settlement Agreement terminates pursuant to its terms or does not become final for any reason, the conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and shall be null and void, and this action shall revert to its status, immediately prior to the execution of the Settlement Agreement.

5. The Court finds that Notice was given to members of the Settlement Class in accordance with the Preliminary Approval Order and such Notice by first-class mail adequately informed members of the Settlement Class of all material elements of the proposed settlement, constituted valid, due, and sufficient notice to all members of the Settlement Class, constituted the best notice practicable under the circumstances, and fully satisfied all requirements of Rule 23(c) of the Federal Rules of Civil Procedure and applicable law.

6. The Court notes that no potential class members requested exclusion from the Settlement Class.

7. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the Parties, and is supported by the Class Representatives of the Settlement Class.

8. The Action presents issues as to liability and damages as to which there are substantial grounds for differences of opinion.

9. The Court finally approves the settlement of the Action in accordance with the terms of the Settlement Agreement and finds that the settlement is fair, reasonable, and adequate

in all respects in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

10. Payment of cash as provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Plaintiffs' claims against the Settling Defendants. The Court finds that the consideration to be paid to Settlement Class Members is well within the range of reasonableness considering the facts and circumstances of the employment at issue, the numerous types of claims and affirmative defenses asserted in the Action and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

11. The Court also finds the proposed plan of allocation of settlement funds to class members to be fair, adequate and reasonable. Under the plan, a settlement class member's settlement award is the settlement class member's "pro rata share," as defined below, of the "net settlement amount." The net settlement amount is the remainder of the settlement fund after payment of attorney fees, costs, service awards, and costs of administration and notice. Each settlement class member's pro rata share shall be a proportional amount of his or her salary and benefits for 42 work days, in relation to the total salary and benefits for 42 work days of all settlement class members, times the net settlement amount. For example, if the total salary and benefits for 42 work days of all settlement class members is $250,000, and settlement class member Smith's salary and benefits for 42 work days is $3,000, and if the net settlement amount is $100,000, then Smith's settlement award is calculated as ($3,000/$250,000) x $100,000 = $1,200.

12. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement.

13. The Court also finds that, in addition to the 104 persons listed on Exhibit 1 to the Settlement Agreement, Kayla Stockdale and Carolyn Workman are class members entitled to payment through the settlement.

14. The Court dismisses this Action as against Defendants TELESPECTURM, Inc. and The Resource Group International, Ltd. with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement), and adjudges that all of the claims described in the Settlement Agreement are released against the Settling Defendants.

15. The Court adjudges that the Class Representatives and all Settlement Class Members who receive money from the Settlement Fund under the Settlement Agreement shall be deemed to have, fully, finally and forever released, relinquished and discharged all claims against the Settling Defendants, as defined by the Settlement Agreement. The Court further adjudges that each Class Member who did not timely and validly request exclusion from this settlement (the "Non-Opt Outs") shall be deemed to have fully, finally and forever released and extinguished his or her right (if any ever existed) to adjudicate a claim against the Settling Defendants.

16. The Court further adjudges that upon the Effective Date, each of the Settling Defendants and all signatories to the Settlement Agreement shall be deemed to have fully, finally and forever released, relinquished and discharged Plaintiffs, Class Counsel, and the Settling Defendants and their counsel in this Action from any claims (including any unknown claims) for abuse of process, libel, malicious prosecution or similar claims arising out of, relating to, or in connection with the institution, prosecution, defense, assertion, or resolution of the Action, including any right under any statute or federal law to seek counsel fees and costs.

17. Plaintiffs and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any claim against the Settling Defendants as described in the Settlement Agreement.

18. It is in the best interests of the Parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Settling Defendant which in any way relates to the applicability or scope of the Settlement Agreement or this Final Order of Judgment should be presented exclusively to this Court for resolution by this Court. Therefore, without affecting the finality of this Final Order of Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) the distribution through *cy pres* of any funds that cannot be distributed in accordance with this Order.

19. The Court grants Plaintiffs' Petition for Attorney Fees and Costs. The Court approves of Class Counsel receiving attorneys' fees in the amount of $61,666.05, which represents one-third the gross amount of the $185,000 common fund established through the settlement. The Court also approves the award of litigation costs in the amount of $6,026.16. In this regard, the Court finds the percentage method of determining attorney fees in a class action common fund case is the preferred method, and that district courts within the Fourth Circuit have consistently endorsed the percentage method. "Where there is a common fund in a class

7

settlement, application of a percentage method to calculate an attorney's fee award is now favored." *Kidrick v. ABC Television & Appliance Rental*, 1999 WL 1027050 *1 (N.D. W.Va. 1999) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). *See also Teague v. Bakker*, 213 F. Supp. 2d 571, 582 (W.D. N.C. 2002) ("The percentage recovery method is generally favored in cases involving a common fund."); *Goldenberger v. Marriott PLP Corp.*, 33 F. Supp.2d 434, 437-38 (D. Md. 1998) (applying the percentage method, and noting the general trend in favor thereof); *Strang v. JHM Mortgage Securities Limited Partnership*, 890 F. Supp. 499, 504-03 (E.D. Va. 1995) (holding that calculating fees based upon a percentage of the settlement fund "is a more efficient and less burdensome than the traditional lodestar method, and offers a more reasonable measure of compensation for common fund cases"); *Edmonds v. United States*, 658 F. Supp. 1126 (D.S.C. 1987) (finding percentage method preferable in common fund case). In light of these principles, the Court finds the fees and costs awarded are reasonable and fair to the class.

20. The Court approves the service fee payment of $1,000 for Class Representative Heather Hackworth. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. The Court approves the service fee payment of $1,000 for Class Representative Cynthia Shaugnessy. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22. The Court approves the service fee payment of $1,000 for Class Representative Victoria Barker. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23. The Court approves the service fee payment of $1,000 for Class Representative Dottie Holsinger. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

24. The Court approves the service fee payment of $1,000 for Class Representative William Ryman. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

25. The Court approves the service fee payment of $1,000 for Class Representative Monty Keyser. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

26. The Court approves the service fee payment of $1,000 for Class Representative Lisa Layman. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

27. The Court approves the service fee payment of $1,000 for Class Representative Evangeline Hinkle. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

28. Neither this Final Order of Judgment nor the Settlement Agreement is an admission or concession by any of the Settling Defendants of any fault, omission, liability, or wrongdoing. This Final Order of Judgment shall not constitute a finding of either fact or law as to the merits or the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Settling Defendants, or a finding as to any obligation of the Settling Defendants to take any actions agreed to be done or avoided as necessary in order to bring them into compliance with law. The final approval of the Settlement Agreement does not constitute

any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Settling Defendants or the Settlement Class members.

29. The Court finds that no just reason exists for delay in entering this Final Order of Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment. As stated above in Paragraph 18, the Court shall retain jurisdiction over this action. Therefore, the action shall remain on the Court's docket until further order.

ENTER: ~~July~~ AUG. 3, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

10